UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS STROUD,<br>    Plaintiff, | :<br>:<br>: | 3:22cv799(KAD) |
| v. | :<br>: | |
| FEDERAL BUREAU OF PRISONS,<br>    Defendant. | :<br>:<br>: | AUGUST 18, 2022 |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

    The Plaintiff, Marcus Stroud, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He filed the instant action asserting that Defendant BOP improperly denied his requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain administrative remedy records. ECF No. 1.

    Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    "FOIA strongly favors a policy of disclosure . . . and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *National Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir. 2005) (citing 5 U.S.C. §§ 552(a)(3), b(1)–(9); *Halpern v. FBI*, 181 F.3d 279, 286 (2d Cir. 1999); *Tigue v. United States Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002)). *See also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975) (explaining that FOIA is "structured [so that] virtually every document

generated by [a federal] agency is available to the public in one form or another, unless it falls within one of the Act's nine exemptions."). Each exemption identifies an important interest—such as national security, foreign policy, fair trials, unobstructed criminal investigations, the adversarial process, and personal privacy—that "may at times conflict with [FOIA's] policy of full disclosure." *See Halpern*, 181 F.3d at 286–87. Congress deems these interests sufficiently important to "outweigh the need for transparency." *Knight First Amendment Institute at Columbia University v. USCIS*, 30 F.4th 318, 321 (2d Cir. 2022).

Consistent with FOIA's underlying purposes, courts construe these exemptions narrowly. *See National Council of La Raza*, 411 F.3d at 355–56 (citations omitted). The government bears the burden of showing "that any claimed exemption applies." *Id.* at 356 (citations omitted).

Upon review, the Court concludes that Plaintiff's complaint sufficiently states a plausible FOIA violation and should proceed to service on Defendant BOP.

**ORDERS**

For the foregoing reasons, the Court enters the following orders:

(1) The **Clerk** shall serve the Complaint on the United States Bureau of Prisons within **twenty-one (21) days** from the date of this order in accordance with the procedure for effecting service on a federal agency by emailing a copy of all relevant documents to Defendant's representative, Assistant U.S. Attorney Michelle McConaghy, Chief of the Civil Division of the U.S. Attorney's Office for the District of Connecticut.

(3) The **Clerk** shall send the Plaintiff a copy of this Order.

(4) Defendant shall file its response to the complaint, either an answer or motion to dismiss,

within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the Defendant chooses to file an answer, it shall admit or deny the allegations and respond to the cognizable claims recited above. The Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(7) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the Defendant or defense counsel of his new address.

**SO ORDERED** this 18th day of August 2022 at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　___/s/ *Kari A. Dooley*_____
　　　　　　　　　　　　　　　　　　Kari A. Dooley
　　　　　　　　　　　　　　　　　　United States District Judge